JOHN MORGAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10978. Promulgated March 1, 1928.

*Fred A. Woodis, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

**OPINION.**

ARUNDELL: We are concerned here only with the March 1, 1913, valuation of the 45 acres of coal lands. The cost of the land and its sales price is not in dispute.

The record contains very little satisfactory evidence of comparable sales at or about March 1, 1913. The petitioner contents himself with putting on the stand four witnesses who testified that, in their opinion, the property had a value on March 1, 1913, of from $1,600 to $2,000 per acre. This evidence was not impressive and the opinions were not supported by a thorough knowledge of the intrinsic worth of the property. The only transaction with which the witnesses were familiar was a sale of the so-called Higinbotham coal land, located some three miles away. This land was sold sometime between 1913 and 1917 to the Fancy Hill Coal Co., operators of an adjoining property, for a consideration of $900 per acre. In explanation of the lowness of that figure, the witnesses stated that it was generally believed that the coal underlying the Higinbotham land was broken by rock faults, as such faults had been found on the adjoining tracts of the Fancy Hill Coal Co. The Morgan property was entirely undeveloped in 1913 and it was not known as a fact whether it was free of such faults or not, though subsequent developments disclosed that the coal was not so broken.

The witnesses were of the opinion that the 45 acres here in dispute were more valuable than the Higinbotham tract because the coal could be mined and loaded on the cars more readily. Coal mined on the Morgan property could be loaded directly into the railroad cars from the tipple, whereas, in the operations of the Fancy Hill Coal Co., it was necessary for it to use an incline of 850 feet, with a grade of about 30 per cent, to load the coal into the railroad cars. This favorable factor was, in the opinion of petitioner's witnesses, sufficient to make the coal of the Morgan tract more valuable than that of the Higinbotham land, all other considerations being equal. The revenue agent who investigated the case on the ground placed a value on the land as of March 1, 1913, of $1,000 per acre. The record does not disclose the value placed on the land by petitioner at the time he made his original return, but, as the deficiency notice states that the additional tax proposed arises at least in part from this adjustment, presumably the figure determined by the revenue agent was that reported by petitioner. However that may be, we are satisfied after a very careful consideration of the entire record that the fair market value of the 45 acres of coal land on March 1, 1913, was $1,000 per acre, and the tax liability of the petitioner should be determined on that basis.

*Judgment will be entered on 15 days' notice, under Rule 50.*